Opinion of the Court.
CREWS, holding a note executed to him by Squire Williams for forty dollars, sold it to Dabney for two watches. At the time the note was sold, Williams was absent from the state, and not having returned, this suit was brought against Crews by Dabney, to recover damages for a fraud alleged to have been committed by Crews in selling the note.
The fraud charged in the declaration is alleged to consist in the false representations of Crews, at the time of selling the note, that Williams was barely absent from the state on a temporary visit, and would return in a few weeks, when in fact he well knew that Williams had permanently removed from the state, and intended not again to return.
Not guilty, was pleaded; and after evidence was introduced, on the trial in the court below, conducing to prove the alleged fraud, and that the price given by Dabney to Crews for the note, was two watches worth, about ten dollars each, the counsel for Crews moved the court to instruct the jury, that, if they found for Dabney, the measure of damages was the value of the watches given for the note, with interest from the time the contract was made. But the court overruled the motion, and instructed the jury, that, if they found for the plaintiff, Dabney, they must find the amount of the note assigned.
1. This Court cannot admit that the amount of the note on Williams formed the proper measure of damages. The gist of the action, is the fraud alleged to have been committed by Crews; and the damages to be recovered by Dabney, should, no doubt, be commensurate to the injury which he sustained by the commission of the fraud. But the only injury sustained by Dabney, is *279 the loss of the watches, which, by the fraudulent misrepresentations of Crews, he was induced to give for the note; and the value of those watches, together with an equivalent for their detention, would form an adequate indemnity for the injury. The precise amount which ought to be recovered by Dabney, is, however, a matter for the consideration and decision of the jury, in making an assessment of damages; and it was consequently incorrect for the court, as matter of law, to instruct them imperatively to find the amount of the note assigned on Williams.
The judgment must, therefore, he reversed with costs, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.